[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff and the defendant intermarried at Haddam, Connecticut on July 31, 1965 and the plaintiff has resided continuously in the State of Connecticut for at least twelve months preceding the date of the filing of this complaint. The plaintiff and the defendant have no minor children born to the defendant since the date of the marriage and neither party has been the recipient if state aid or other form of public assistance.
Both parties appear represented by counsel of record and the court determines that it has jurisdiction over them and the marriage.
Based upon the relevant, credible and admissible evidence presented to the court during the course of the trial, the following constitute the findings of fact and conclusions of law.
This marriage has broken down irretrievably and such breakdown is affirmed and acceded to by each of the parties in their testimony. The plaintiff has never been unfaithful or guilty of any extramarital misconduct. The defendant, on the other hand, has freely admitted that she has engaged in more than four affairs although she doesn't remember exactly how many. All these affairs have been of a sexual nature, one lasting for more than one year and another with her husbands brother-in-law. Her husband forgave her on more than one occasion and tried to make the marriage last, but finally with all due justification, gave up and felt that the marriage had broken down irretrievably.
Her extramarital affairs, and lack of interest in a monogamous life, are totally responsible for the breakup of this marriage and the irretrievable breakdown thereof. CT Page 4957
Both of these parties are in good health and both have demonstrated adequate earning capacity. The defendant's earnings at the present time and from the evidence temporarily, are at a little lower level because of the cessation of operations by Caldor with whom she was employed until last October. With her prior history of multiple job performances this court can not but conclude that she is very employable, has adequate job skills and will be able to upgrade her employment over its present status in a relatively short period of time. This along with her maritally outrageous conduct leaves the court to conclude that she is not entitled to alimony from her husband.
This is a long term marriage, having lasted approximately 32 years until the service of the court papers underlying this lawsuit and the court would normally not be constrained to order parity in the distribution of the marital property. Under circumstances of this case, the plaintiff adamantly requests the court not to award alimony and has most generously pro-offered an assent to an equal distribution of other martial property. Under the circumstances of the evidence presented in this case the court considers that this position by the plaintiff is not only reasonable but generous.
The court orders that the martial property be distributed as follows to wit, the timeshare at Waters Edge and the timeshare at Wilmington, Vermont shall be liquidated by the parties at private sale and the net proceeds from each of said sale shall be divided equally between the parties. The court finds that the value of the residential premises at 78 Bridge Road, Haddam, Connecticut is $183,000.00 and that there exists a present mortgage in the amount of $131,700.00 more or less, resulting in a net equity of $51,300.00. It is ordered that all the right, title and interest of the defendant in and to said premises be and is hereby ordered transferred to the plaintiff to be his absolutely. In exchange therefore the plaintiff by way of property settlement shall pay to the defendant the sum of $20,000.00 and shall execute a mortgage deed and note with all the usual covenants contained in said secondary financing documents in her favor without interest said note to be payable commencing June 1, 1999 in equal monthly installments over a period of ten years. This liquidated amount of the interest in the real estate assigned to her is slightly less than the gross 50%, as the court is taking into consideration that in the event the plaintiff eventually sells the property in order to partially or wholly liquidate this CT Page 4958 amount, he alone will bear the costs of sale.
Using the date of memorandum as evaluation date, the retirement plans and/or IRAs of the parties shall be distributed equally to them by way of appropriate qualified domestic relations order or other orders may be required to effect this distribution. The assets included in this distribution plan include the Prudential plan, the Prudential IRA and the John Alden account as noted on the plaintiff's financial affidavit and the Caldor profit sharing plan and any benefits accruing from the retirement benefit plan of R.R. Donnelly Sons Company as shown on the defendant's financial affidavit.
Each of the parties shall be responsible for any debts as shown on their respective financial affidavits and shall hold the other party harmless in connection therewith with the exception of the first mortgage debt on the residential premises which shall be the responsibility of the plaintiff alone. Each of the parties shall retain the automobiles as shown on their financial affidavits and be responsible for any debts attached to set automobile.
The defendant shall be entitled COBRA rights or any health insurance available through the plaintiff's employer at her election and her expense.
The court orders a reasonable distribution of the household effects as may be worked out by the parties. Each party shall be responsible for their own attorney fees.
The decree is entered dissolving the marriage along with the orders hereinbefore set forth.
It so ordered.
HIGGINS, J.